SKC

1

2    **WO**

3

4

5

6                **IN THE UNITED STATES DISTRICT COURT**

7                    **FOR THE DISTRICT OF ARIZONA**

8

9    Michael David Johnson,                    No.   CV 15-0094-PHX-DGC (DMF)

10                      Plaintiff,

11   v.                                        **ORDER**

12   Scottsdale Police Department, et al.,

13                      Defendants.

14

15          On January 20, 2015, Plaintiff Michael David Johnson, who was then confined in

16   the Maricopa County Lower Buckeye Jail, filed a *pro se* civil rights Complaint pursuant

17   to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.  In a March 3,

18   2015 Order, the Court granted the Application to Proceed and dismissed the Complaint

19   because Plaintiff had failed to state a claim.  The Court gave Plaintiff 30 days to file an

20   amended complaint that cured the deficiencies identified in the Order.

21          On March 5, 2015, Plaintiff filed a Notice of Party's Change of Address,

22   indicating he was no longer in custody, and on May 7, 2015, Plaintiff filed a non-prisoner

23   application to proceed *in forma pauperis*.  In an April 8, 2015 Order, the Court granted

24   Plaintiff's non-prisoner application to proceed and dismissed the Complaint with leave to

25   amend for failure to state a claim.

26          On May 7, 2015, Plaintiff filed his First Amended Complaint (Doc. 12).  The

27   Court will dismiss the First Amended Complaint with leave to amend.

28   . . .

**JDDL-K**

# I.        Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

- 2 –

JDDL-K

1    If the Court determines that a pleading could be cured by the allegation of other

2    facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal

3    of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

4    Plaintiff's First Amended Complaint will be dismissed for failure to state a claim, but

5    because it may possibly be amended to state a claim, the Court will dismiss it with leave

6    to amend.

7    **II.    First Amended Complaint**

8    In his two-count First Amended Complaint, Plaintiff sues Darren Hyman,

9    Detective for the Scottsdale Police Department; Alan Rodbell, Chief of Police for the

10   Scottsdale Police Department; and Joe Nichols and Melissa Palopoli, Sergeants for the

11   Scottsdale Police Department, for alleged Fourth and Fifth Amendment violations.

12   Plaintiff seeks punitive damages and costs.

13   Both Counts are based on the following allegations.

14   On May 20, 2014, Plaintiff was arrested in Phoenix by Defendant Hyman for

15   violation of an order of protection issued by the Scottsdale City Court.  After Plaintiff's

16   arrest, Hyman and Detective Leal conducted a search of Plaintiff's vehicle in Plaintiff's

17   presence.  The detectives seized a legal envelope "containing documents, evidence, case

18   notes, research[,] and strategy for two civil cases [Plaintiff] had against the alleged

19   victim" named in the order of protection.  One of these cases was "against the order of

20   protection."  Plaintiff informed Hyman of the contents of the envelope, and Hyman

21   inspected it.  Plaintiff told Hyman "you should not take that," but Hyman seized it

22   anyway.

23   Plaintiff alleges that he was representing himself in the two civil cases and he

24   believes the documents are protected by attorney-client privilege.  He further alleges that

25   seizure of these documents "exceeded the requirements of the warrant."  According to

26   Plaintiff, the warrant encompassed "indicia of residency, occupancy, cell phones,

27   computer equipment, storage, devices, paper documents [and] all items that relate to the

28   alleged charges."  Plaintiff alleges that the documents seized did not contain information

- 3 –

JDDL-K

related to the charges; his residency was already established when Hyman allegedly visited Plaintiff's apartment manager the week prior to Plaintiff's arrest; and, although item #6 of the warrant asked for documents establishing a relationship between Plaintiff and the alleged victim named in the order of protection, the order of protection and its supporting documentation were enough to establish this relationship.

Plaintiff additionally alleges defects in the way the warrant was procured. He alleges that the warrant request used boiler-plate language from an unrelated case, and "the officer clearly typed over a prior existing search warrant request" because this and other court-order requests related to the warrant "contain[ed] information that is identifiable to other cases with another person's personal information." Plaintiff alleges that Hyman simply typed over prior requests and did not review them to verify the need for all the itemized information before presenting these requests to the judge.

Plaintiff alleges that he was released from custody on May 21, 2014, and while he was awaiting trial on June 23, 2014, he filed paperwork at the Scottsdale City Court, seeking a hearing to challenge the order of protection. At that time, he went to the counter of the Scottsdale Police Department's satellite office and requested the return of his legal documents. Plaintiff alleges that the clerk told him to call the Sergeant. He alleges that he then called Hyman's Sergeant, and she instructed him to call Hyman and told him that "it shouldn't be a problem." Plaintiff alleges that he called Hyman, and Hyman told him he would see what he could do, but he did not release Plaintiff's envelope.

Plaintiff alleges that he had a hearing on August 6, 2014, for which he was "caught completely unprepared" due to his inability to recall the details of the case. Consequently, Plaintiff lost the hearing, and he filed a notice of appeal on August 8, 2014. On the same day, Plaintiff wrote to the City of Scottsdale Court and the District Attorney's Office, requesting the return of his envelope, but those requests were denied. Plaintiff alleges that the City of Scottsdale judge who denied his request was the same judge who presided over the hearing that Plaintiff lost. Plaintiff alleges that he thereafter

- 4 –

1   made requests for his documents to the Scottsdale Police Department internal affairs

2   department, the Maricopa County Superior Court judge who had approved the warrant,

3   and the Scottsdale Police Chief, but all of these requests were either ignored or denied,

4   even though "none of these documents appear as evidence provided by the state in

5   [Plaintiff's] case."  Plaintiff alleges that on January 9, 2015, he reported his documents

6   stolen to the Phoenix Police Department because they were taken in its jurisdiction, and

7   the Phoenix Police Department referred his complaint to the Scottsdale Police

8   Department.

9        Plaintiff alleges that his criminal case was to go to trial in February 2015, and he

10   "took a plea with the understanding that if [he] could win [his] appeal on the order of

11   protection" he would "rule 32 [his criminal] case later from the outside."  Plaintiff alleges

12   that as a result of his plea, he served 7.5 months in jail, one week in prison, and he now

13   has two felony counts of aggravated harassment for violating the order of protection.

14   Plaintiff further alleges that he lost his appeal on the order of protection, and he claims

15   that the Scottsdale Police Department deliberately withheld his documents to keep him

16   from being able to overturn the order of protection decision.  He alleges that Hyman

17   showed up to testify against him at the order of protection hearing on August 6, 2014,

18   even though he had not been involved in the original case.

19        Plaintiff alleges that the seizure and retention of his documents violated his Fourth

20   Amendment rights to be free of unreasonable search and seizure and his Fifth and

21   Fourteenth Amendment rights to due process.  He claims he was injured because he lost

22   his hearing and appeal, he was sentenced and incarcerated, and he still does not have his

23   property.

24   **III.   Failure to State a Claim**

25        To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants

26   (2) under color of state law (3) deprived him of federal rights, privileges or immunities

27   and (4) caused him damage.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th

28   Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d

- 5 –

**JDDL-K**

1278, 1284 (9th Cir. 1994)).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.  *Id.*

### A.    Defendant Rodbell

For an individual to be liable in his individual capacity, "[a] plaintiff must allege facts, not simply conclusions, that show that the individual was personally involved in the deprivation of his civil rights."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  Further, there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691; *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted).  A supervisor in his individual capacity "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  *Taylor*, 880 F.2d at 1045.  Alternatively, for an individual to be liable in his official capacity, a plaintiff must allege injuries resulting from a policy, practice, or custom of the governmental entity for which that individual exercises final policy-making authority.  *See Monell*, 436 U.S. 694.

Plaintiff fails to state a claim against Defendant Rodbell.  Plaintiff's only allegation against Rodbell is that Plaintiff wrote to "the Chief of the Scottsdale Police Department" seeking the return of his documents, and his request was either ignored or denied.  This vague assertion is not sufficient to show that Rodbell was personally involved in the deprivation of Plaintiff's rights, or that, as a supervisor, he participated in

- 6 –

JDDL-K

1    violations against Plaintiff, directed anyone else to do so, or knew of any such violations

2    and failed to act to prevent them.  Additionally, Plaintiff fails to allege any facts showing

3    that his injuries ensued from a policy, practice, or custom observed within the City of

4    Scottsdale Police Department.  Accordingly, Plaintiff fails to state a claim against

5    Rodbell in either his individual or official capacity, and he will be dismissed.

6              **B.    Defendants Nichols and Palopoli**

7              Plaintiff fails to state a claim against Defendants Nichols and Palopoli.  Other than

8    identifying Nichols and Palopoli as Sergeants for the Scottsdale Police Department,

9    Plaintiff does not mention them anywhere in the body of the Complaint.  As noted above,

10   there is no *respondeat superior* liability under § 1983, so a defendant's position as the

11   supervisor of someone who allegedly violated a plaintiff's constitutional rights does not

12   make him liable.  Even assuming that Palopoli was the Sergeant who allegedly told

13   Plaintiff to contact Hyman for the return of his documents and that getting them back

14   should not be a problem,[1] these facts do not support a claim against her.  Merely referring

15   Plaintiff to the person she thought could return his documents does not show that Palopli

16   violated Plaintiff's constitutional rights.  Accordingly, Plaintiff fails to state a claim

17   against either Nichols or Palopoli, and they will be dismissed.

18             **C.    Count One**

19             Plaintiff alleges a Fourth Amendment violation in Count One.  The Fourth

20   Amendment protects the "right of people to be secure in their persons, houses, papers,

21   and effects, against unreasonable searches and seizures" and decrees that "no warrants

22   shall issue, but upon probable cause, supported by oath or affirmation, and particularly

23   describing the place to be searched, and the persons or things to be seized."  U.S. Const.

24   amend. IV.  There are, however, exceptions to the warrant requirement.  *See, e.g.*, *United*

25   *States v. Jenkins*, 876 F.2d 1085, 1088 (2d Cir. 1989) (consent); *United States v. Soussi*,

26   29 F.3d 565, 571-72 (10th Cir. 1994) (consent); *Roberts v. Spielman*, 643 F.3d 899, 905

27

28             [1] Plaintiff refers to the Sergeant who told him this as "she," presumably referring
     to Defendant Palopoli, or at least ruling out Defendant Nichols.

JDDL-K

1    (11th Cir. 2011) (exigent circumstances); and *United States v. Hudson*, 100 F.3d 1409,

2    1420 (9th Cir. 1996) (plain view).  A seizure of property occurs when there is some

3    meaningful interference with an individual's possessory interests in that property.  *Soldal*

4    *v. Cook County, Ill.*, 506 U.S. 56, 61 (1992) (citation and quotation omitted).

5         Plaintiff's Fourth Amendment claim rests on assertions that (1) the seizure of his

6    documents exceeded the scope of the warrant, and (2) the warrant itself was improperly

7    procured.  In its March 3, 2015 Order dismissing Plaintiff's original Complaint, the Court

8    addressed these same assertions and concluded that Plaintiff had failed to provide

9    sufficient factual allegations concerning what prompted the search, what the warrant

10   covered, where and how Plaintiff's personal documents were discovered, and what

11   charges ensued to show that the alleged seizure violated the Fourth Amendment.  Plaintiff

12   fails to cure these deficiencies in the First Amended Complaint.  For example, Plaintiff's

13   allegations now suggest that officers Hyman and Leal conducted a warranted search of

14   Plaintiff's vehicle in Phoenix at the same time they apprehended him for violating an

15   order of protection.  But the added allegations about Plaintiff's arrest and order of

16   protection still do not show what prompted the warrant or on what charges the warrant

17   was based.  Plaintiff alleges, in part, that the warrant sought "indicia of residency,

18   occupancy, cell phones, computer equipment, storage, devices, paper documents [and] all

19   items that relate to the alleged charges."  But absent virtually any facts about these

20   "alleged charges," Plaintiff fails to show that the seizure of his documents was outside

21   the warrant's scope.  The Court's review of Maricopa County Superior Court records

22   shows that on November 5, 2014, Plaintiff pled guilty in case # CR2014-124171-001 to

23   taking the identity of another and aggravated harassment, and that additional charges of

24   credit card theft and fraud were dismissed.[2]  This case stemmed from crimes that

25   allegedly occurred from late September to early December 2013.  Plaintiff additionally

26   pled guilty in case # CR2014-132003-001 to a charge of aggravated harassment, and

27

28        [2] *See* https://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/case
     Info.asp?caseNumber=CR2014-124171 (last visited May 12, 2015).

- 8 –

three additional charges of aggravated harassment were dismissed.[3]  This case stemmed from crimes that allegedly occurred on June 12 and June 30, 2014.  Although Plaintiff alleges that none of the documents seized from his vehicle on May 20, 2014 were used as evidence "by the state in [Plaintiff's] case," it is not clear what case Plaintiff refers to.  Clearly, the seized documents could not have been used as evidence in the second case because the alleged crimes did not even take place until after Hyman conducted the search.  But this does not show that these documents were outside the scope of the charges in the first case to which it appears the warrant may have pertained.  Moreover, the mere allegation that the seized documents were not used at trial does not show that they were beyond the scope of the warrant.  Absent any facts about the charges alleged in the warrant, Plaintiff fails plausibly to show that Hyman's seizure of his documents exceeded its scope.

Plaintiff also fails to allege sufficient facts to show that the alleged warrant was improperly procured.  Plaintiff vaguely asserts that parts of the documents Hyman put forth in support of the warrant were "boiler plated from a different, unrelated case" or contained information "identifiable to other cases with another person's personal information," and he alleges that this shows that Hyman "misled the court."  But it is not clear from these facts what information was allegedly "boiler plated" or how the facts Hyman put forth to procure the warrant were misleading as applied to Plaintiff.  Plaintiff also alleges that Hyman failed to review the itemized information he allegedly used from other warrant requests to fit the specific requirements in his case, but Plaintiff does not identify any requests that he believes were overly broad.

For the above reasons, Plaintiff fails to state a Fourth Amendment claim in Count One, and this claim will be dismissed.[4]

---

[3] *See* https://www.superiorcourt.maricopa.gov/docket/ CriminalCourtCases/ caseInfo.asp?caseNumber=CR2014-132003(last visited May 12, 2015).

[4] Even if Plaintiff could allege sufficient facts to state a Fourth Amendment claim, such a claim may nonetheless be barred if this violation could, in some way, invalidate any of Plaintiff's criminal convictions, unless or until those convictions are overturned.

JDDL-K

1

**D.     Count Two**

2       Plaintiff's Fourteenth Amendment due process claim in Count Two is based on the

3   alleged failures or refusals of Defendants to return his documents after they were

4   allegedly unlawfully seized.  Plaintiff also appears to allege due process violations with

5   respect to his order of protection because he alleges that, without those documents, he

6   was unprepared for a hearing on that order and is unable effectively to appeal that case.

7       **1.     Documents**

8       Plaintiff's allegations that Defendants failed to return his documents may support

9   a common law tort claim or a claim for conversion of personal property, but they do not

10  support a federal constitutional claim.  In *Parratt v. Taylor*, 451 U.S. 527, 541 (1981), the

11  Supreme Court held that due process is not violated when a state employee negligently

12  deprives an individual of property, as long as the state makes available a meaningful

13  post-deprivation remedy.  The logic of *Parratt* has been extended to intentional

14  unauthorized deprivations of property by state actors.  *Hudson v. Palmer*, 468 U.S. 517,

15  533 (1984).  As with negligent deprivations, where a state makes available a meaningful

16  *post*-deprivation remedy, such as a common-law tort suit against a state employee for

17  intentional unauthorized deprivations, a federal due process claim is precluded.  *Hudson*,

18  468 U.S. at 534-35; *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986).  Plaintiff has

19  not alleged that he has been deprived of an available post-deprivation remedy for seeking

20  the return of his property.  Even if Scottsdale Police personnel, the City Attorney's

21  Office, and the Scottsdale City Court have effectively deprived Plaintiff of any direct

22  means to recover his property due to their repeated denials or failures to respond to

23

A prisoner's claim for damages cannot be brought under 42 U.S.C. § 1983 if "a judgment

24  in favor of the plaintiff would necessarily imply the invalidity of his conviction or
    sentence," unless the prisoner demonstrates that the conviction or sentence has previously

25  been reversed, expunged, or otherwise invalidated.  *Heck v. Humphrey*, 512 U.S. 477,
    486-87 (1994).  Plaintiff appears to suggest that he only pled guilty to certain criminal

26  charges because he believed that after his legal documents were returned, he could "rule
    32" that case.  At this point, however, Plaintiff has not alleged facts plausibly showing

27  that a Fourth Amendment violation, if it occurred, would invalidate any of his criminal
    convictions.  Thus, it is not entirely clear that *Heck* applies.

28

**JDDL-K**

Plaintiff's requests, this does not mean that Plaintiff is left without an effective post-deprivation means of relief.  Plaintiff alleges that he already reported his documents stolen to the Phoenix Police Department, and it referred his complaint to the Scottsdale Police Department.  Moreover, to the extent that the Police Departments fail to provide relief, Plaintiff has an available civil remedy in the Arizona state courts.  *See Howland v. State*, 818 P.2d 1169, 1172-73 (Ariz. Ct. App. 1991) (state prison officials' confiscation of and failure to return prisoner's personal property states a claim for conversion under Arizona law).

### 2.        Order of Protection Hearing

Insofar as Plaintiff attempts to assert a due process violation on the grounds that the Scottsdale Police Department "deliberately and intentionally" impaired his ability to represent himself in his order of protection hearing and appeal, this claim also fails.  As an initial matter, these allegations are too speculative to state a claim.  Plaintiff vaguely alleges that the seized documents were not required "in the case against [Plaintiff]," purportedly showing that they were seized and kept solely as a way to interfere with Plaintiff's ability to litigate his order of protection case.  Plaintiff also alleges that Hyman showed up to testify at the order of protection hearing, even though Hyman "was never a part of that pre-existing case."  These bare assertions are insufficient, however, to show that Hyman or any other state actors interfered with Plaintiff receiving due process.  Additionally, to the extent that Plaintiff believes he was denied due process in his order of protection proceedings, the proper place to raise those objections was at those proceedings or on appeal in that case.  This Court is not a court of appeals for state court decisions and must decline jurisdiction whenever it is "in essence being called upon to review the state court decision."  *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) ("Because district courts lack power to hear direct appeals from state court decisions, they must decline jurisdiction whenever they are "in essence being called upon to review the state court decision.") (applying the *Rooker–Feldman* doctrine; *see Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Ct. of*

1    *App. v. Feldman*, 460 U.S. 462 (1983)); *see, e.g.*, *Noel v. Hall*, 341 F.3d 1148, 1156 (9th

2    Cir.2003) ("If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision

3    by a state court, and seeks relief from a state court judgment based on that decision,

4    *Rooker–Feldman* bars subject matter jurisdiction in federal district court.").

5            For all of these reasons, Plaintiff fails to state a Fourteenth Amendment due

6    process claim in Count Two, and this claim will be dismissed.

7    **IV.    Leave to Amend**

8            For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed

9    for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff

10   may submit a second amended complaint to cure the deficiencies outlined above.  The

11   Clerk of Court will mail Plaintiff a court-approved form to use for filing a second

12   amended complaint.  If Plaintiff fails to use the court-approved form, the Court may

13   strike the second amended complaint and dismiss this action without further notice to

14   Plaintiff.

15           Plaintiff must clearly designate on the face of the document that it is the "Second

16   Amended Complaint."  The second amended complaint must be retyped or rewritten in

17   its entirety on the court-approved form and may not incorporate any part of the original

18   Complaint or First Amended Complaint by reference.  Plaintiff may include only one

19   claim per count.

20           A second amended complaint supersedes the original Complaint and First

21   Amended Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal*

22   *Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After

23   amendment, the Court will treat the original Complaint and First Amended Complaint as

24   nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the

25   original complaint or first amended complaint and that was voluntarily dismissed or was

26   dismissed without prejudice is waived if it is not alleged in a second amended complaint.

27   *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

28   . . .

JDDL-K

**V.     Warnings**

     **A.     Release**

       If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed *in forma pauperis*.  Failure to comply may result in dismissal of this action.

     **B.     Address Changes**

       Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

     **C.     Copies**

       Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

     **D.     Possible "Strike"**

       Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

. . .

JDDL-K

### E.      Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)      The First Amended Complaint (Doc. 12) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(2)      If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(3)      The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 15th day of May, 2015.

_____
David G. Campbell
United States District Judge

JDDL-K

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  Who May Use This Form.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence.**  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  The Form.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable. All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  Your Signature.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  The Filing and Administrative Fees.  The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).  If you are unable to immediately pay the fees, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  Original and Judge's Copy.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  Where to File.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  See LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed *in forma pauperis* to:**

Revised 5/1/2013                           1

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7. Change of Address. You must immediately notify the Court and the defendants in writing of any change in your mailing address. **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8. Certificate of Service. You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*). Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed. See Fed. R. Civ. P. 5(a), (d). Any document received by the Court that does not include a certificate of service may be stricken. A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name:  _____
Address:_____
      Attorney for Defendant(s)

_____
(Signature)

9. Amended Complaint. If you need to change any of the information in the initial complaint, you must file an amended complaint. The amended complaint must be written on the court-approved civil rights complaint form. You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint. See Fed. R. Civ. P. 15(a). After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint. LRCiv 15.1. In addition, an amended complaint may not incorporate by reference any part of your prior complaint. LRCiv 15.1(a)(2). **Any allegations or defendants not included in the amended complaint are considered dismissed**. All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10. Exhibits. You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased. You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11. Letters and Motions. It is generally inappropriate to write a letter to any judge or the staff of any judge. The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.   <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.   <u>Your Name</u>.   Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.   <u>Defendants</u>.   If there are **four or fewer** defendants, print the name of each.   If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.   Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.   <u>Jury Demand</u>.   If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."   Failure to do so may result in the loss of the right to a jury trial.   A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

    1.   <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."   If you mark "other," identify the source of that authority.

    2.   <u>Location</u>.   Identify the institution and city where the alleged violation of your rights occurred.

    3.   <u>Defendants</u>.   Print all of the requested information about each of the defendants in the spaces provided.   If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided. If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

    You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____

Name and Prisoner/Booking Number

_____

Place of Confinement

_____

Mailing Address

_____

City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| _____ , )<br>(Full Name of Plaintiff)          Plaintiff, )<br><br>vs.                              )<br>                                 )<br>(1) _____ , )<br>(Full Name of Defendant)           )<br>(2) _____ , )<br>                                 )<br>(3) _____ , )<br>                                 )<br>(4) _____ , )<br>                 Defendant(s).    )<br>☐ Check if there are additional Defendants and attach page 1-A listing them. ) | **CASE NO.** _____<br>(To be supplied by the Clerk)<br><br><br>**CIVIL RIGHTS COMPLAINT<br>BY A PRISONER**<br><br>☐ Original Complaint<br>☐ First Amended Complaint<br>☐ Second Amended Complaint |

## A.  JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:

   ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
   ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____.  The first Defendant is employed as:
_____at_____.
            (Position and Title)                                        (Institution)

2.  Name of second Defendant: _____.  The second Defendant is employed as:
_____at_____.
            (Position and Title)                                        (Institution)

3.  Name of third Defendant: _____.  The third Defendant is employed as:
_____at_____.
            (Position and Title)                                        (Institution)

4.  Name of fourth Defendant: _____.  The fourth Defendant is employed as:
_____at_____.
            (Position and Title)                                        (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?          ☐ Yes          ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

     a.  First prior lawsuit:
          1.  Parties: _____ v. _____
          2.  Court and case number:  _____.
          3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
          _____.

     b.  Second prior lawsuit:
          1.  Parties: _____ v. _____
          2.  Court and case number:  _____.
          3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
          _____.

     c.  Third prior lawsuit:
          1.  Parties: _____ v. _____
          2.  Court and case number:  _____.
          3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
          _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion        ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                            ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count I?           ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level?   ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____.

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
   ☐ Excessive force by an officer  ☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                            ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count II?          ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?   ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail            ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings   ☐ Property        ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety  ☐ Other: _____.

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies.**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your
institution?                                                                          ☐ Yes   ☐ No
b.    Did you submit a request for administrative relief on Count III?                  ☐ Yes   ☐ No
c.    Did you appeal your request for relief on Count III to the highest level?         ☐ Yes   ☐ No
d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____ .

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                         DATE                                                    SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____

_____

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.